Filed 6/21/21  P. v. Maldonado CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>RAMON DAVID MALDONADO,<br><br>   Defendant and Appellant. | 2d Crim. No. B306808<br>(Super. Ct. No. 1434089)<br>(Santa Barbara County) |

Ramon David Maldonado appeals from the trial court's postjudgment order denying his petition for resentencing. (Pen. Code,[1] § 1170.95.)  He contends the court erred when it summarily denied his petition without appointing counsel.  We affirm.

FACTUAL AND PROCEDURAL HISTORY

In May 2015, a jury convicted Maldonado and four codefendants of first degree murder (§§ 187, subd. (a), 189, subd.

_____

[1] Statutory references are to the Penal Code.

1

(a)), and found true a special circumstance allegation that they committed murder during the commission of a kidnapping (§ 190.2, subd. (a)(17)(B)). (*People v. Gonzales* (Aug. 7, 2018, B264384) 2018 WL 3737940 at p. *1 (*Gonzales*) [nonpub. opn.].) As to Maldonado only, the jury also found true a special circumstance allegation that the murder was intentional and involved the infliction of torture (§ 190.2, subd. (a)(18)). (*Gonzales*, at p. *1.) In a bifurcated proceeding, the trial court found true allegations that Maldonado served three prior prison terms (§ 667.5, subd. (b)). (*Gonzales*, at p. *1.) It sentenced him to life in state prison without the possibility of parole plus three years. (*Ibid.*)

Maldonado did not challenge the jury's true finding on the torture special circumstance on appeal, but did challenge the kidnapping special circumstance finding. (*Gonzales*, *supra*, 2018 WL 3737940 at pp. *7-8.) We rejected this challenge. (*Id.* at p. *17.) Among other things, we concluded that substantial evidence supported the jury's finding on the kidnapping special circumstance allegation because Maldonado "was a major participant in the kidnapping that led to the victim's murder" and "demonstrated reckless disregard for human life." (*Id.* at p. *1.) Specifically, he "organized and directed the lethal incident, inflicted violent injuries on [the victim], and made the decision that [the victim] could not have medical care although [he was told that the victim] might die." (*Id.* at p. *7.) He also "refused [a] request to take [the victim] to the hospital and said 'he is a piece of shit' and 'he has to die.'" (*Ibid.*, alterations omitted.)

After his case was final on appeal, Maldonado petitioned the trial court to resentence him pursuant to section 1170.95. In his petition, Gonzales declared that: (1) the

2

information filed against him allowed the prosecution to proceed on a felony murder theory, (2) he was convicted of first degree felony murder, (3) he could not now be convicted of first degree murder based on amendments to sections 188 and 189, and (4) he was not the actual killer. Maldonado also requested the appointment of counsel to assist him during the resentencing process.

Prosecutors filed an "initial response" to Maldonado's petition. The response set forth the facts of the case and the procedure for evaluating a resentencing petition. It also argued that Maldonado failed to make a prima facie showing of entitlement to relief because, in finding true the torture special circumstance allegation, the jury determined that he acted with the intent to kill. Attached to the response was a copy of the opinion in Maldonado's direct appeal.[2]

The trial court summarily denied Maldonado's petition because he did not "make a prima facie case for eligibility as a matter of law." Although he was not the actual killer, he "intended to kill the victim and/or was a major participant and acted with reckless disregard for human life" based on the jury's true findings on the kidnapping and torture special circumstance allegations. In light of these findings, Maldonado was not entitled to the appointment of counsel or a hearing on his resentencing petition.

---

[2] The trial court deemed prosecutors' response to Maldonado's petition a "discretionary filing, with no procedural significance under the statutory scheme, as it included as an attachment [our] opinion on direct appeal."

3

DISCUSSION

Maldonado contends the trial court erred when it summarily denied his section 1170.95 resentencing petition without appointing counsel.  We disagree.

In 2018, the Legislature enacted Senate Bill No. 1437 (S.B. 1437) to "amend the felony murder rule . . . to ensure that murder liability is not imposed on a person who [was] not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life."  (Stats. 2018, ch. 1015, § 1, subd. (f).)  To accomplish these goals, S.B. 1437 redefined "malice" in section 188, and narrowed the classes of persons liable for felony murder under section 189.  (Stats. 2018, ch. 1015, §§ 2-3.)  It also added section 1170.95 to the Penal Code, which permits those convicted of felony murder to petition to have their murder convictions vacated and to be resentenced on any remaining charges.  (Stats. 2018, ch. 1015, § 4.)

A convicted defendant may petition for resentencing if the information allowed prosecutors to proceed under a theory of felony murder, the defendant was convicted of murder, and the defendant could not be convicted of murder under the current versions of sections 188 and 189.  (§ 1170.95, subd. (a).)  If the defendant files a petition declaring that they meet these requirements (*id.*, subd. (b)(1)(A)), the trial court undertakes a "two-step process" to determine whether they are eligible for relief (*People v. Offley* (2020) 48 Cal.App.5th 588, 596 (*Offley*); see § 1170.95, subd. (c)).

First, the court determines "whether the defendant has made a 'prima facie showing [that they] "fall within the provisions" of the statute.' [Citation.]"  (*Offley, supra*, 48

4

Cal.App.5th at pp. 596-597, alterations omitted.) In making that determination, the court "may examine the record of conviction" (*id.* at p. 597), including the instructions provided to the jury at trial and any prior decision on appeal (*People v. Gomez* (2020) 52 Cal.App.5th 1, 16 (*Gomez*), review granted Oct. 14, 2020, S264033). If that examination reveals that the defendant does not fall within the provisions of section 1170.95 as a matter of law, the court may summarily deny the petition without appointing counsel.[3] (*Offley*, at p. 597.) But if the examination

---

[3] Nearly all decisions published to date are in accord. (See *People v. Palacios* (2020) 58 Cal.App.5th 845, 857-860, review granted Feb. 24, 2021, S266701; *People v. Swanson* (2020) 57 Cal.App.5th 604, 617-618, review granted Feb. 17, 2021, S266262; *People v. Falcon* (2020) 57 Cal.App.5th 272, 277-279, review granted Jan. 27, 2021, S266041; *People v. Nunez* (2020) 57 Cal.App.5th 78, 90, fn. 5, review granted Jan. 13, 2021, S265918; *People v. Roldan* (2020) 56 Cal.App.5th 997, 1005, review granted Jan. 20, 2021, S266031; *People v. Jones* (2020) 56 Cal.App.5th 474, 484-485, review granted Jan. 27, 2021, S265854; *People v. Nguyen* (2020) 53 Cal.App.5th 1154, 1168; *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1144, review granted Oct. 14, 2020, S264284; *Gomez*, *supra*, 52 Cal.App.5th at pp. 15-16, review granted; *People v. Soto* (2020) 51 Cal.App.5th 1043, 1054, fn. 10, review granted Sept. 23, 2020, S263939; *People v. Tarkington* (2020) 49 Cal.App.5th 892, 899-902, review granted Aug. 12, 2020, S263219; *People v. Lee* (2020) 49 Cal.App.5th 254, 262-263, review granted July 15, 2020, S262459; *People v. Law* (2020) 48 Cal.App.5th 811, 821 (*Law*), review granted July 8, 2020, S262490; *People v. Edwards* (2020) 48 Cal.App.5th 666, 673-675, review granted July 8, 2020, S262481; *People v. Torres* (2020) 46 Cal.App.5th 1168, 1178, review granted June 24, 2020, S262011; *People v. Verdugo* (2020) 44 Cal.App.5th 320, 327-333, review granted Mar. 18, 2020, S260493; *People v. Cornelius* (2020) 44

instead reveals that the defendant may be eligible for relief, the court must proceed to the second step and appoint counsel to assist in subsequent proceedings. (*Ibid.*)

The record of conviction here reveals that Maldonado was ineligible for section 1170.95 relief as a matter of law. The jury found true a torture special circumstance allegation. That required finding that Maldonado acted with the intent to kill. (*People v. Davenport* (1985) 41 Cal.3d 247, 271.) A defendant who acts with the intent to kill can still be convicted of murder under the amended versions of sections 188 and 189. (See § 189, subd. (e)(2).) They are thus ineligible for section 1170.95 resentencing. (§ 1170.95, subd. (a)(3).)

To the extent the trial court erred when it accepted prosecutors' response to Maldonado's petition, that error was harmless given his statutory ineligibility for resentencing. (*Law*, *supra*, 48 Cal.App.5th at p. 826, review granted.)

---

Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410; *People v. Lewis* (2020) 43 Cal.App.5th 1128, 1137-1140, review granted Mar. 18, 2020, S260598.) We disagree with our colleagues in the First District who have adopted a contrary view. (See *People v. Daniel* (2020) 57 Cal.App.5th 666, 673-674, review granted Feb. 24, 2021, S266336; *People v. Cooper* (2020) 54 Cal.App.5th 106, 118-123, review granted Nov. 10, 2020, S264684.)

## DISPOSITION

The trial court's order denying Maldonado's petition for resentencing, entered June 1, 2020, is affirmed.

<u>NOT TO BE PUBLISHED.</u>

TANGEMAN, J.

We concur:

GILBERT, P. J.

PERREN, J.

7

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Amanda Lopez and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.